21 F.3d 427
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Washshukru Al-Jabbar A'LA, Plaintiff-Appellant,
v.
Lou H. ATWOOD; Johnny Stephens; Cecil Davidson; Bill
Wagner; Herb Murphy, Defendants-Appellees.
 No. 93-5181.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1994.
 
 Before: MERRITT, Chief Judge; GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Washshukru Al-Jabbar A'La (hereinafter referred to as Al-Jabbar), pro se, appeals a district court judgment entered on a jury verdict and a district court order denying Al-Jabbar's motion for a new trial and for relief from judgment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Al-Jabbar originally filed this complaint under 42 U.S.C. Sec. 1983 against several correctional officers and administrators at the River Bend Maximum Security Institution (RMSI), located in Nashville, Tennessee. In his complaint, Al-Jabbar alleged that he was subjected to an unconstitutional visual body cavity search after being subjected to two prior searches on the same day, upon his return to RMSI from the Fort Pillow and Farm Facility where he had been temporarily housed for a court appearance. Al-Jabbar also stated that two of the defendants forced him to walk 250 yards with leg irons placed too tightly, causing him pain.
 
 
 3
 Al-Jabbar alleged a violation of his First, Fourth, Eighth and Fourteenth Amendment rights. Specifically, the prisoner argued that his First Amendment rights were violated by a female officer's presence at the body cavity search, in contradiction to his sincerely-held belief of modesty, required by his Muslim religion. Secondly, Al-Jabbar alleged that excessive force was used when the prison guards threatened him with riot gear and a taser gun. Third, Al-Jabbar alleged a Fourth Amendment claim based on a violation of his personal privacy during the search. He also claimed an Eighth Amendment violation of cruel and unusual punishment because of the search and because of the tight placement of the leg irons. Lastly, Al-Jabbar set forth a claim under Tennessee state law and Department of Corrections policy based on the facts surrounding the third body cavity search. Al-Jabbar requested compensatory and declaratory relief.
 
 
 4
 After various proceedings, a jury trial was held to decide the issues of whether the defendants violated Al-Jabbar's rights under the First, Fourth and Eighth Amendments. The jury returned a verdict in favor of defendants Davidson, Wagner and Murphy on all of Al-Jabbar's claims, in favor of defendants Atwood and Stephens on the First and Eighth Amendment claims, and in favor of Al-Jabbar and against Atwood and Stephens on Al-Jabbar's Fourth Amendment claims. However, the jury awarded no compensatory, nominal or punitive damages. The defendants then filed a motion for judgment as a matter of law on behalf of defendants Atwood and Stephens, and the plaintiff filed a response, in which Al-Jabbar requested damages on the Fourth Amendment claim. The district court denied the motions and entered judgment based on the jury verdict.
 
 
 5
 On appeal, Al-Jabbar argues: 1) he is entitled to compensatory damages for his Fourth Amendment claim on which he prevailed, because there was sufficient evidence to show personal humiliation, mental anguish and suffering; 2) the jury was not properly instructed in regard to evidence surrounding his mental anguish and suffering; 3) the evidence did not support the jury's verdict in favor of the defendants on his First Amendment claim; 4) the district court's reprimand during the plaintiff's closing argument, that damages were not to be addressed in the presence of the jury, was "highly prejudicial" to his case and precluded the jury from awarding damages; 5) the district court erred in refusing to admit certain additional evidence that a prisoner-witness had perjured himself; and 6) the defendants' counsel acted improperly by interviewing one of the plaintiff's witnesses regarding the subject strip search, without first notifying the plaintiff.
 
 
 6
 Three of Al-Jabbar's arguments, on appeal, are centered around evidentiary questions concerning his trial and whether the jury was properly instructed as to the evidence regarding his mental anguish and suffering for which he claims he is entitled to compensatory damages. Rulings on motions for a new trial, attacking the verdict as against the weight of the evidence, are reviewed by this court for an abuse of discretion. TCP Indus. v. Uniroyal, Inc., 661 F.2d 542, 546 (6th Cir.1981). First, it is unclear whether Al-Jabbar, proceeding pro se in the district court, preserved his right to raise the issue of sufficiency of evidence on appeal by moving for a directed verdict at the close of the evidence during his trial. Fed.R.Civ.P. 50(a) and (b). See Portage II v. Bryant Petroleum Corp., 899 F.2d 1514, 1522 (6th Cir.1990). Nevertheless, Al-Jabbar's claim that the evidence was insufficient to support the jury's verdict regarding the First Amendment issue lacks merit.
 
 
 7
 It is settled that this court must review the evidence in a light and with all reasonable inferences most favorable to the party who secured the jury verdict. Portage II, 899 F.2d at 1523. Courts are not free to reweigh the evidence and set aside a jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable. Portage II, 899 F.2d at 1523 (quoting Tennant v. Peoria & P.U. Ry., 321 U.S. 29, 35 (1944)). See also Frost v. Hawkins County Bd. of Educ., 851 F.2d 822, 826 (6th Cir.), cert. denied, 488 U.S. 981 (1988). There is sufficient evidence upon which a reasonable jury could have reached the conclusion that Al-Jabbar's First Amendment rights were not violated in this case.
 
 
 8
 Similarly, a trial court's decisions on admissibility under the Federal Rules of Evidence are reviewed for an abuse of discretion, and we must uphold that court's decision unless it is inconsistent with substantial justice. Doe v. Sullivan County, 956 F.2d 545, 559 (6th Cir.), cert. denied, 113 S.Ct. 187 (1992). Rule 403 permits the exclusion of evidence where its probative value is substantially outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Al-Jabbar was permitted to call several other fellow prisoners on his behalf, who testified in his favor. Therefore, it was not an abuse of the court's discretion to exclude certain evidence that one prisoner witness may have perjured himself in favor of the defendants' case. The credibility of this witness was, rather, better left to the jury.
 
 
 9
 Likewise, the jury instructions, viewed as a whole, were not so confusing, misleading or prejudicial as to require this court to set aside the verdict. Al-Jabbar has established no specific condition, result or injury from his alleged mental anguish or suffering, and thus, there is an evidentiary basis for the verdict. The jury instructions state the law with substantial accuracy, fairly submitting the issue to the jury, and there is no ground for reversal. Clarksville-Montgomery County School System v. U.S. Gypsum Co., 925 F.2d 993, 1003 (6th Cir.1991).
 
 
 10
 Al-Jabbar's claim regarding the court's reprimand also lacks merit. It was not improper for the trial court to bifurcate the trial into liability and damages phases. Gafford v. General Elec. Co., 997 F.2d 150, 171-72 (6th Cir.1993). Thus, it was not an abuse of the district court's discretion to prevent the plaintiff from focusing on damages before the jury's deliberation surrounding the liability of the defendants in the case in chief. There is also no merit to Al-Jabbar's argument that the defendants improperly failed to notify him that they were going to interview one of his proposed witnesses prior to trial. As properly argued by the defendants, they were entitled to this interview. The plaintiff is only entitled to notice when depositions are scheduled. Fed.R.Civ.P. 27(a)(2).
 
 
 11
 Notwithstanding the jury's finding that the evidence was sufficient to show no actual injury, this court has held that a person whose constitutional rights have been violated under Sec. 1983 is entitled to recover nominal damages of "not more than one dollar." Franklin v. Aycock, 795 F.2d 1253, 1264 (6th Cir.1986). Because the jury found a violation of Al-Jabbar's Fourth Amendment rights, he is entitled to one dollar in nominal damages.
 
 
 12
 Accordingly, the district court's order is affirmed in part and vacated in part, and the case is remanded for an award of nominal damages of one dollar on Al-Jabbar's Fourth Amendment claim, pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.